THOMAS G. LOVEGROVE v. ANTHONY R. KUSER ET AL.

A declaration upon a bond given under "An act for the collection of demands against ships, steamboats and other vessels," should set forth the particular circumstances which, according to that act, entitled the plaintiff to a lien upon the vessel.

On contract.    On demurrer to declaration.

Argued at June Term, 1893, before Justices DIXON, REED and MAGIE.

For the plaintiff, *Lindley M. Garrison.*

For the defendants, *Chauncy H. Beasley.*

The opinion of the court was delivered by

DIXON, J.    This is a demurrer to a declaration upon a bond purporting to have been given by the defendants to the plaintiff under section 12 of "An act for the collection of demands against ships, steamboats and other vessels," approved March 20th, 1857.    *Rev., p. 586.*

Certain requisites of a declaration on such a bond are prescribed by section 15 of the act, which provides that the creditor shall in his declaration state his demand, "alleging the work to have been done or the materials or articles furnished or the expenses incurred at the request of the master, owner, agent or consignee of such vessel, as the case really was, averring that the claim therefor was a subsisting lien on such vessel at the time of the exhibition thereof, as hereinbefore provided."

These words, "as hereinbefore provided," evidently refer to the first section of the act, which declares under what circumstances a lien shall exist, and they require that those circumstances shall be averred in the declaration according to the truth in each case.    Such an averment is necessary, not

only because of the language of the statute, but also because of the general rule of pleading, according to which not conclusions of law but the facts that warrant the desired conclusion must be set forth.

The requisite circumstances under the act (*Rev. Sup.*, *p.* 427) are, so far as they relate to this case, that a debt shall have been contracted by the master, owner, agent or consignee of a vessel within this state, on account of materials or articles furnished in this state for or towards the building, repairing, fitting, furnishing or equipping such vessel. It having been decided that under this law the debt need not have been contracted within this state (*Baeder* v. *Carnie*, 15 *Vroom* 208), it follows, from the language employed, that the vessel must have been within this state as well as that the articles must have been furnished in this state.

The declaration demurred to fails to comply with these requirements in several particulars. It does not aver that the person at whose request the articles were furnished was the master, owner, agent or consignee of the vessel, nor that the articles were furnished for or towards the building, repairing, fitting, furnishing or equipping of the vessel, nor that the vessel was within this state at the time. The pleader has confined himself to the assertion of a conclusion of law, that the debt was a subsisting lien on the vessel.

These defects, or some of them, are covered by the causes of demurrer assigned, and because of them the defendants are entitled to judgment, unless the plaintiff is willing to pay costs and amend his declaration.